UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 20-48712

MUHAMMAD S. AWAISI,  Chapter 7

        Debtor.  Judge Thomas J. Tucker
_____/

SURGICAL CAPITAL SOLUTIONS, INC.,

        Plaintiff,

v.  Adv. Pro. No. 21-4098

MUHAMMAD S. AWAISI,

        Defendant.
_____/

**OPINION REGARDING DISMISSAL OF
THIS ADVERSARY PROCEEDING, AS MOOT**

On April 16, 2021, Plaintiff filed this adversary proceeding, seeking a money judgment against the Defendant-Debtor, and a determination that such debt is "excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (4) and (6)." On April 26, 2021, the Court entered a stipulated order in the main case which denied Defendant-Debtor a discharge, based on 11 U.S.C. § 727(a)(10). (Docket # 226 in Case No. 20-48712 (the "no-discharge order")).

The Court concludes that the no-discharge order renders moot Plaintiff's non-dischargeaability claims in this adversary proceeding. This is because Plaintiff has received the dischargeability-related relief it was seeking in this adversary proceeding — namely, that any debt Defendant owes to Plaintiff will not be discharged in the Defendant's Chapter 7 bankruptcy case. *See, e.g., Michigan Unemployment Insurance Agency v. Pettibone* (*In re Pettibone*), 577

B.R. 689 (Bankr. E.D. Mich. 2017).

Thus, the Court is no longer able to grant Plaintiff any meaningful relief in addition to what it has already received.  *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-96 (Bankr. E.D. Mich. 2015), *aff'd,* 558 B.R. 825 (E.D. Mich. 2016), *aff'd* 698 F. App'x 300 (6th Cir. 2017) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a).); *Mapley v. Mapley* (*In re Mapley*), 437 B.R. 225, 227-30 (Bankr. E.D. Mich. 2010) (same).

Because Plaintiff's nondischargeability claims have been rendered moot, the Court is unable to grant Plaintiff a money judgment in this adversary proceeding.  In the absence of authority to grant a determination of nondischargeability, this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for Plaintiff.  *See, e.g. Pettibone*, 577 B.R. at 690; *Cowan v. Ladosenszky* (*In re Ladosenszky*), 617 B.R. 275, 277-78 (Bankr. E.D. Mich. 2020).  That is because the Court's authority and subject matter jurisdiction to enter a money judgment in this adversary proceeding was dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant-Debtor's debt to Plaintiff.  *See Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 965-66 (6th Cir. 1993) (quoting *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 215 (Bankr. D. Md. 1991) (explaining that the bankruptcy court's jurisdiction to determine the dischargeability of a debt provides the bankruptcy court with authority to render a money judgment, because the bankruptcy court's equitable jurisdiction "'attaches to the entire cause of action,'" including the plaintiff's request for a money judgment, and "'more importantly because it is impossible to separate the

2

determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt'").

For these reasons, the Court will enter an order dismissing this adversary proceeding, as moot, and for lack of subject matter jurisdiction.

**Signed on April 27, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**